## *EX PARTE* STEEN.

1. EXCEPTIONS.—That a Circuit Judge did not take up *seriatim* each exception on appeal from inferior Court and pass on it separately, is no evidence that he did not consider each.
2. EVIDENCE—DOWER.—In dower proceedings, seizin of husband may be shown by slightest and lowest order of proof.
3. PRESUMPTION—PUBLIC OFFICE—BOOKS.—It will be presumed that entries in a book kept in a sheriff's office were made by proper authority.
4. EVIDENCE—DOWER—SHERIFF'S BOOKS.—Entries in sheriff's book of sale of land under execution against husband is a circumstance tending to show seizin of land by husband in dower proceedings.

Before BUCHANAN, J., Laurens, February, 1900. Affirmed.

Proceeding in probate court for dower by Nancy Steen *v.* James W. Fowler, B. C. Burns, John A. Owens and W. A. Burns. From Circuit order affirming probate judgment in favor of demandant, respondents appeal on following exceptions:

"I. Because his Honor, Judge O. W. Buchanan, erred in affirming the judgment below without considering or passing upon the exceptions to the same.

"II. Because he erred in holding that the testimony was sufficient to show that Thomas Steen was seized and possessed of the tract of land described in the petition during coverture with the petitioner.

"III. Because he erred in holding that the rule of *caveat emptor* did not apply in this proceeding.

"IV. Because he erred in holding that the books of Sheriff Arnold were competent testimony.

"V. Because he erred in holding that the entries in said books were competent testimony without showing that they were made by Sheriff Arnold, or by his direction.

"VI. Because he erred in holding that said books and entries were competent testimony of seizin and title in Thomas Steen to land sold by the sheriff.

"VII. Because he erred in holding that in the absence of proof of possession it was not necessary to show a legal title in the husband in order to establish a seizin.

"VIII. Because he erred in holding that the rules of evidence as to establishing title did not apply to a proceeding in dower."

*Mr. W. H. Martin,* for appellant, cites: *Entries in sheriff's book not competent to show that demandant's husband ever owned the land:* 2 McC., 388; 50 S. C., 218. *When possession is not shown, legal title in husband must be shown as in other cases:* 25 S. C., 337.

*Messrs. Simpson & Barksdale* and *Bomar & Simpson,* contra. The former cite: *Demandant in dower is only required to make out her case by slightest and lowest order of proof:* 22 S. C., 45; 24 S. C., 121; 3 Rich. L., 66; 2 Mills, 59; 5 Rich., 526, 277; 1 Bail. L., 77. *Entries in sheriff's book assumed to have been properly made:* 50 S. C., 238.

February 7, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The petitioner instituted this proceeding in the probate court for Laurens County, claiming dower in certain land described in her petition, of which the defendants are in possession. The probate judge rendered his decree, allowing the claim of dower, and from that decree the defendants appealed to the Circuit Court, which Court rendered judgment affirming the decree of the probate judge, and remanding the case to the court of probate for such further proceedings as may be necessary to carry into effect the decree of the probate judge. From the judgment of the Circuit Court, the defendants appeal to this Court, upon the several grounds set out in the record, a copy of which should be incorporated by the reporter in his report of this case.

The first exception, which imputes error to the Circuit

Judge "in affirming the judgment below without considering or passing upon the exceptions to the same," is not only unsupported by anything that we can find in the "Case," but it is practically contradicted by the language used by the Circuit Judge in his order, affirming the judgment of the probate court. For when he there said: "On hearing the pleadings, testimony, decree of the probate court, and appellant's exceptions and after argument of counsel, it is ordered and adjudged, that the judgment of the probate court be affirmed and the appeal dismissed," he in effect said that none of the exceptions to that decree could be sustained. The fact that he did not take up the exceptions *seriatim,* and pass, formally, upon each, affords no evidence that he did not consider each one of them. This exception must be overruled.

All of the other exceptions, except, possibly, the third, the relevancy of which it is somewhat difficult to perceive, relate to the character and sufficiency of the testimony offered by demandant to show that her deceased husband was legally seized of the land, during coverture, out of which she claims dower. Ever since the case of *Smith* v. *Paysenger,* 2 M. Con. R., 59, it has been uniformly held that a widow, in claiming her dower, is not required to furnish that strict proof of legal title in her husband, which is ordinarily required in such cases of other persons, as she is not supposed to have the custody of, or access to, her husband's title deeds. That case was followed in the subsequent case of *Forrest* v. *Trammell,* 1 Bail., 77, where it was held that it was sufficient for the widow to show that her husband had been in possession, during coverture, of the land out of which she claimed dower, and that the declaration of the husband to show the extent of his possession, and copies from the register's books of certain deeds under which the husband claimed, without proof of their execution, afforded competent evidence of the fact of possession. See, also, *Plantt* v. *Payne,* 2 Bail., 319; *Reid* v. *Stevenson,* 3 Rich., 66, and *Gayle* v. *Price,* 5 Rich., 525. The rule upon the subject

is well stated by the late Mr. Justice McGowan, in delivering the opinion of this Court, in the comparatively recent case of *Stark* v. *Hopson,* 22 S. C., at page 45, in the following words: "In an action by a widow for dower in the lands of her husband, and especially those sold during his life, some indulgence as to proof is regarded proper. She is not required to make strict proof of her husband's title under the issue of non-seizin. She is not the custodian of her husband's title papers, and, therefore, in making out a *prima facie* case, the slightest and lowest order of evidence is all that can be exacted at her hands." To same effect, see *Stark* v. *Watson,* 24 S. C., 215. It is true, that such a *prima facie* case may be rebutted by showing that the husband never had any legal title to the land out of which dower is claimed, as in *Bowman* v. *Bailey,* 20 S. C., 550, and in *Morgan* v. *Smith,* 25 S. C., 337; or by showing that the estate held by the husband was a mere leasehold estate to which the right of dower does not attach, as in *Whitmire* v. *Wright,* 22 S. C., 446, or as is said by O'Neall, J., in *Plantt* v. *Payne, supra,* by showing that the husband was seized as trustee for another. But until such *prima facie* case is rebutted, it is quite sufficient to sustain the claim for dower. Now, in this case, it is not pretended that there was any rebutting evidence offered. The most that can be said is, that there was some conflicting testimony, not, however, very clear or distinct, as to whether demandant's husband ever owned or was in possession of the land out of which dower is claimed, during coverture; whereas, the testimony of the petitioner is distinct and positive that her husband owned the land, that he bought it during the latter part of the year 1857, as she thinks; and this testimony is corroborated by other witnesses, and by the fact that it was sold by the sheriff as the property of the husband on the 6th of December, 1858, and the proceeds of the sale was applied to the satisfaction of executions in the office against the said Thomas Steen, leaving a balance in the hands of the sheriff which was paid over to said Thomas Steen, the husband of demandant. There was also testi-

mony tending to show that one M. C. Knight, to whom the bid for the Anderson land—the land out of which the dower is claimed—had been transferred, went into possession of the same very soon after the sheriff's sale. In view of the testimony, thus briefly referred to, we cannot say that the findings of the probate judge, concurred in by the Circuit Judge, is contrary to the preponderance of the testimony, and such finding must, therefore, be affirmed.

The point is made by the 4th and 5th exceptions, that there was error in holding the sale book of the sheriff showing the sale of the land in question, to be competent testimony in the case, without evidence that the entries therein were made by the sheriff, or by his direction. The "Case," however, shows that "formal proof that these books are records of the sheriff's office, not required." In view of this admission, no formal proof was necessary, and being records of a public office, proved themselves without testimony that the entries therein made were made by the sheriff, or by his direction. The very object of requiring such books to be kept by a public officer is for the purpose of affording record evidence of the official transactions of such officer; and in the absence of any evidence to the contrary, the entries in such books will be presumed to have been made by the proper authority. See *Long* v. *McKissick*, 50 S. C., at page 238-9. These exceptions must be overruled.

The point made by the 6th exception is not well taken, as it is based upon a misconception of the ruling below. That ruling was simply that the facts disclosed by the entries in the sheriff's books, were circumstances which, in a case like this, might authorize the presumption of seizin arising from the possession of the husband during coverture; and in that there was no error.

The 7th exception is likewise based upon a misconception of the holding below. Neither the Circuit Judge nor the probate judge held that "in the absence of proof of possession, it was not necessary to show a legal title in the hus-

band in order to establish seizin," and hence this exception cannot be sustained.

From what has already been said in reference to the well established rule in establishing a claim of dower, it is manifest that the 8th exception cannot be sustained.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.